NOT DESIGNATED FOR PUBLICATION

No. 117,766

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DORENE SMITH,
*Appellant*,

v.

YVONNE LUTZ, KEVIN LUTZ, and JUSTIN LUTZ,
*Appellees*.


MEMORANDUM OPINION

Appeal from Greenwood District Court; ROSS R. MCILVAIN, judge. Opinion filed January 26, 2018. Affirmed.

*Bryan K. Joy,* of Joy Law Office, P.A., of Burlington, for appellant.

*Monte L. Miller*, of Miller & Miller, Chtd., of Emporia, for appellees.

Before LEBEN, P.J., HILL, J., and WALKER, S.J.


LEBEN, J.: Dorene Smith appeals the district court's refusal—after a contested trial—to order that her daughter return a car Smith said she had loaned to the daughter. But the district court held after hearing testimony that Smith had intended to give the car permanently to her daughter, had physically given it to the daughter, and that the daughter had accepted it. Under Kansas law, that was enough to transfer ownership of the car. The daughter's testimony sufficiently supports the district court's judgment; we therefore affirm that judgment.

Dorene Smith lived with her husband, Ivan, on a farm near Hartford, Kansas, for 61 years. The Smiths had three children—Ricky, Yvette, and Yvonne. Yvonne and her husband, Kevin, had three sons—Justin, Joel, and Jared.

In 2013, Dorene and Ivan bought a 2012 Ford Focus, which they let their grandson Justin use to drive to college. The car's certificate of title listed Ivan, Dorene, and Yvonne as the owners. Dorene said she and Ivan added Yvonne's name to the title because they wanted Yvonne to have the car if "anything happened to [them]" to ensure that "Justin had a good [set of] wheels." Dorene paid for the insurance, new tires, a new battery, and all oil changes so that she'd "know that it was gettin[g] serviced like it should every 3,000 miles." She also routinely paid for the car's taxes and tag renewals.

Ivan died in February 2016, and Dorene moved in with Yvonne, Kevin, and their sons. After five months, Dorene decided to move to an assisted-living home. Dorene said she expected to get the car back and planned to sell it to help pay for her assisted living, but Yvonne didn't return the car. So in November 2016 Dorene sued Yvonne, Kevin, and Justin, asking the court to order them to return the car. The district court held a trial at which it heard testimony from Dorene and Yvonne. (There were other witnesses—and some other issues—heard at the trial too. But only the car is at issue on appeal, and Dorene and Yvonne were the key players in that dispute.)

Yvonne said that when Dorene moved to the assisted-living home, she told Yvonne, "I will hand over the title to the . . . car. You can have that for taking care [of] me." Yvonne didn't return the car because she believed Dorene had gifted the car to the family in appreciation for the care they'd given her after Ivan passed away. But Dorene testified that she didn't want Yvonne's family to have the car anymore. Indeed, in August 2016 Dorene replaced Yvonne's name with that of another of her children, Ricky, on the car's title certificate.

The district court took the matter under advisement and issued a written ruling. The court held that the "2012 Ford Focus was a completed gift" and denied Dorene's petition. The court didn't make any specific factual findings in its ruling, but neither party asked for any further rulings. Dorene has appealed to our court, contending that the district court erred in concluding that the car was a gift.

A valid gift is made when a donor intends to make a gift, delivers the gift to the other person (called the donee), and the donee accepts. *Hudson, Administrator v. Tucker*, 188 Kan. 202, 211, 361 P.2d 878 (1961). Once those things have happened, the donor has transferred ownership to the donee.

In a court case, whether a valid gift has been made is a mixed question of fact and law. See *In re Estate of Button*, 17 Kan. App. 2d 11, 13, 830 P.2d 1216 (1992). Whether there was intent, delivery, and acceptance are questions of fact that the fact-finder (here, the trial judge) determines. *Hudson*, 188 Kan. at 211. On appeal, we must determine whether there is substantial evidence—what a reasonable person would accept as sufficient to support a conclusion—in support of the court's factual findings. *Gannon v. State*, 298 Kan. 1107, 1175, 319 P.3d 1196 (2014); *Herman v. Goetz*, 204 Kan. 91, 96, 460 P.2d 554 (1969). We do not reweigh the evidence, substitute our evaluation of the evidence for that of the trial court, or pass on the credibility of the witnesses. Once we have the facts (as supported by substantial evidence) in mind, we then review the district court's ultimate legal conclusions independently, with no required deference. *Gannon*, 298 Kan. at 1175-76. Essentially, then, we're looking to see whether the district court's factual findings are supported by substantial evidence and then whether those findings support the court's ruling.

The court's findings here are sparse—merely that the "2012 Ford Focus was a completed gift." The court didn't make any factual findings in its ruling, but when no party objects to a district court's inadequate findings of fact, an appellate court may

3

presume the district court found all facts necessary to support its judgement. *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015). So we presume that the district court found the required intent, delivery, and acceptance to support its conclusion that the car was a gift. What we must determine is whether those factual findings were supported by substantial evidence. *Goetz*, 204 Kan. at 96.

They were. Yvonne testified that Dorene told her when she moved out of Yvonne's home, "I will hand over the title to the . . . car. You can have that for taking care [of] me." Indeed, Yvonne took care of Dorene for five months after Ivan's death. It's uncontested that there was actual delivery of the car to Yvonne's family—Dorene had already given possession of the car to Justin when she first bought the car in 2013. Yvonne's family was still in possession of the car in July 2016 when Dorene called to tell Yvonne that she would transfer title. And no one disputes that Yvonne accepted the car.

Dorene makes two additional arguments related to something significant about a car—cars have titles showing ownership. Based on that, Dorene first argues that the evidence showed that she didn't intend for the car to be a gift because she kept her name on the title, and that there was no "delivery" because she never transferred the car's title to Yvonne. But the donor need only have the *intent* to transfer title to the recipient to make a valid gift of a car. Any later failure actually to transfer title doesn't invalidate the donor's earlier intent to make a gift. And the Kansas Supreme Court has held that delivery of the vehicle itself satisfies the delivery requirement—delivery of the title isn't necessary. In that case, *In re Baumstimler's Estate*, 159 Kan. 316, 317-21, 153 P.2d 927 (1944), the court held that failure to comply with automobile-registration statutes after the gift had been made "did not affect the validity of the gift." Dorene's statement that she wanted to transfer title to Yvonne showed an intent to transfer title. Dorene didn't have to hand the title over to Yvonne; having already given the car to Yvonne, Dorene's statement that she now wanted to give the car to Yvonne—and Yvonne's acceptance—was sufficient.

4

Dorene's second title-related argument is that there couldn't have been a valid gift because she still had some control over the car through legal ownership (through the certificate of title). Generally, a gift isn't complete if the donor retains control over the property. *Hudson*, 188 Kan. at 214. It's true that Dorene kept her name on the car title even after July 2016. But the *Baumstimler's Estate* case establishes that an otherwise valid gift of a car transfers legal ownership and deprives the donor of control, even if transfer of certificate of title would otherwise be required to comply with a vehicle-registration statute. *Baumstimler*, 159 Kan. at 321. Even though Dorene kept her name on the title, when Dorene gifted the car in July 2016, she gave up her legal ownership of the car. She also gave up any right of possession and control.

Because substantial evidence supports a finding that Dorene intended to make a gift, delivered the car to Yvonne's family, and that Yvonne accepted the car, the district court didn't err in finding that the car was a gift. We therefore affirm the district court's judgment.